UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

ZONE 8 MEDIA LTD,

                    Plaintiff,

    v.


JEFFREY MAGSAM,

                    Defendant.

--------------------------------------------------------


Zone 8 Media Ltd, by its attorneys complaining of Defendant, on knowledge as to Plaintiff, and otherwise upon information and belief, alleges as follows:

**<u>NATURE OF THE ACTION,
JURISDICTION, AND VENUE</u>**

1.      This action is for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101, et seq. ("Copyright Act") and breach of contract.

2.      The Defendant's acts of copyright infringement occurred using an "invisible watermark" traced to Defendant's account, and therefore this Court has personal jurisdiction over the Defendant because (i) Defendant committed the tortious conduct alleged in this Complaint in this State, and (ii) Defendant has engaged in substantial and not isolated business activity in this State.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District;

and, (ii) Defendant has agreed to jurisdiction in this forum through a contractually binding forum selection clause.

## PARTIES

4.      Plaintiff Zone 8 Media Ltd ("Plaintiff" or "Zone 8") is a private limited company organized and existing under the laws of the United Kingdom, having its principal place of business at 11 Shillingford Street, London N1 2DP, United Kingdom.

5.      Upon information and belief, Defendant Mr. Jeffrey Magsam ("Defendant") is a citizen of the United States, with an address of 1028 Topeka St., Emporia, Kansas 66801.

## FACTS COMMON TO ALL CLAIMS

### Plaintiff and Plaintiff's Business

6.      Plaintiff is a recognized leader in the field of production and distribution of adult photographs and videos.

7.      Plaintiff produces and distributes adult photographs and videos for download to paying members of its websites: englishlads.com and fityoungmen.com ("FYM").

8.      When a registered member of FYM downloads a photographs or video from Plaintiff's FYM website, a unique member I.D., which is encrypted and invisible, is written into the computer code of the downloaded picture or video.

9.      Prior to joining FYM, all prospective members are advised by Plaintiff that Zone 8 photographs and videos "contain an 'invisible watermark' which allows Zone 8 to trace people who breach our copyright."

10.     Plaintiff regularly applies for and registers various copyrights in and to its adult photographs and videos in the United States. (Attached hereto as **Exhibit 1** are copies of copyright registrations relevant to the claims in this Complaint.)

11.     Plaintiff has become a target for unscrupulous individuals and entities who without authorization to do so, distribute copies of Plaintiff's works.  One of the greatest threats to Plaintiff's business is unauthorized distribution of its works.

12.     To protect its rights and business, Plaintiff investigates and enforces against such activity, and through such efforts, learned of Defendant's actions.

### Defendant's Conduct

13.     Upon information and belief, on or about April 24, 2017, Defendant paid to become a member of Zone 8's website FYM.

14.     Defendant's paid membership permitted him to download and view for his personal use only, adult photographs.

15.     Upon signing up for FYM, Defendant agreed:

> "a. if you upload any photographs or films (or substantial parts of the photographs or films) from our website onto other websites (including without limitation file sharing websites and the cloud), and/ or
> b. if you share any photographs or films (or substantial parts of the photographs or films) from our website with other individuals,
> to pay us £25,000.00 within 14 days of us notifying you that we have discovered photographs or, films originating from our website that have been marked with your invisible watermark ID."  (Section 8 of Terms and Conditions.)

(Attached hereto as **Exhibit 2** is a copy of the Terms and Conditions Defendant agreed to upon signing up to FYM.)

16.     Defendant downloaded several of Plaintiff's watermarked photographs from Plaintiff's FYM website including:

- Tom Stevens - Footballer - Young Footballer Tom Impresses with his Big Solid Muscle!
- Cheeky Footballer Tom - Nice to Find Something like That Hidden!
- Tom Stevens Fit as F*ck Footballer Tom Shows his Muscular & Ripped Body & Trunk!

- Tall Lad 2 Shows us his Body Covered in Blond Fuzz!
- Aaron Janes - Mixed Martial Arts - Young Sporty Lad Aaron - Playing around in a Rowers One Piece
- Mixed Martial Arts - Athletic Young Tomas Nearly Three Years On Looks Great!
- Mixed Martial Arts - Toned and Muscular Young Lad with a nice Thick Piece
- Charlie Eastern - Footballer - Lean Footballer Charlie Shows us his Muscles
- Charles King - Footballer - Tall & Toned Footballer Charlie - Relaxed and Laid Back

17.     Upon information and belief, Defendant uploaded the above identified images on third party websites and these videos were available to download from websites such as tumblr.com.

18.     Tumblr.com is a large, widely visited websites where consumers often go to see, find and download adult images.  Tumblr.com is the 27th most visited site in the USA and the 53rd most visited website in the world.  Visitors from throughout the United States, including New York, download images, including Plaintiff's improperly posted images, from these sites.

19.     Plaintiff does not advertise or allow publication of its images on forum websites.

20.     Zone 8 discovered Defendant's unique membership I.D. embedded in the above listed images publicly available on the tumblr website.

21.     Upon information and belief, Defendant posted these images on forum websites. Plaintiff identified Defendants unique membership I.D. embedded in the works residing on the the tumblr website.

22.     When confronted by representatives from Zone 8, Defendant admitted to posting Plaintiff's copyrighted images on third party websites.

23.     The Plaintiff has not authorized the Defendant by license or otherwise to copy, reproduce, distribute or sell copies of Plaintiff's copyrighted images, which are the subject of this

action.   In fact, during the signup process, Plaintiff explicitly instructed Defendant, and Defendant agreed not to, distribute any of Plaintiff's works and that any such distribution would violate Plaintiff's copyright.

24.     Without the knowledge or consent of Plaintiff, the Defendant has knowingly, deliberately and willfully, infringed the Plaintiff's copyrights.

25.     On numerous separate occasions, Plaintiff has placed Defendant on notice of his infringing activities.   Despite Plaintiff's efforts to stop Defendant's infringing activity, Plaintiff has continued to find its copyrighted works with Defendant's unique watermark identifier posted on public websites.   Through this law suit, Plaintiff is attempting to stop Defendant's injurious behavior and seek compensation for the damage Defendant has inflicted upon it.

## DAMAGES

26.     The natural and foreseeable result of the Defendant's wrongful conduct has been and will be to deprive the Plaintiff of the benefits of distributing its copyrighted works.

27.     Once Defendant's works are posted on third-party websites, Plaintiff can never completely stop the reposting and sharing of its works.

28.     The Plaintiff has lost and will continue to lose substantial revenues because of Defendant's wrongful conduct.

29.     Unless permanently enjoined by this Court, the Defendant will continue his course of conduct and wrongfully use, infringe upon, distribute and otherwise profit from the Plaintiff's copyrighted works, in derogation of the Plaintiff's exclusive rights therein.   As a direct and proximate result of the Defendant's acts as alleged above, the Plaintiff has already suffered irreparable damage and has sustained lost profits.   The Plaintiff will continue to suffer

irreparable damage and sustain lost profits until the Defendant's actions as alleged above are enjoined by this Court.

30.    By his actions alleged herein, the Defendant has knowingly, deliberately and willfully infringed the Plaintiff's copyrights by reproducing, distributing, displaying works which are unlawful copies of the Plaintiff's copyrighted works.

31.    Plaintiff has sustained substantial injuries, loss and damage to its exclusive rights under copyright in and to the works, and further, have and will continue to sustain damages from the loss of value of its exclusive rights by reason of Defendant's conduct.


## CLAIM I

### (Direct Copyright Infringement)

32.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 31 of this Complaint.

33.    Defendants had access to the works, covered by U.S. Reg. Nos.:

-    VA 2-042-723 – Fit as F*ck Footballer Tom Shows his Muscular & Ripped Body & Trunk!

-    VA 1-998-378 – Tall Lad Alfie Shows us his Body Covered in Blond Fuzz!

-    VA 1-939-442 – Athletic Young Tomas Nearly Three Years On Looks Great!

-    VA 1-998-930 – Lean Footballer Charlie Shows us his Muscles

-    VA 2-055-976 – Young Footballer Tom Impresses with his Big Solid Muscle!

34.     Defendant has copied, used, shared and distributed copies of the works or intends to do so in the future. Such copies do or will infringe Zone 8's copyright and Zone 8's exclusive rights thereunder.

35.     By its actions alleged above, Defendant has infringed Zone 8's copyrights in and to the works protected by U.S. Reg. Nos. U.S. Reg. Nos. VA 2-042-723, VA 1-998-378, 1-939-442, VA 1-998-930 in violation of 17 U.S.C. § 501et seq.

## CLAIM II

### (Breach of Contract)

36.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 35 of this Complaint.

37.     The Parties entered into a contract where the Defendant paid the Plaintiff a monthly subscription to view Plaintiff's copyrighted works on the FYM website.  (See **Exhibit 2**, Terms and Conditions.)

38.     As part of that contract, Defendant agreed not post Plaintiff's copyrighted works on third party websites or share them with unauthorized recipients.  (**Id.**, Section 8.)   If Defendant breached this contract by posting such works, Defendant agreed to pay a liquidated damages award of £25,000, or approximately $35,000.  (**Id.**)  Defendant further agreed that £25,000 was not disproportionate to the harm unauthorized dissemination of Plaintiff's copyrighted works would cause Plaintiff.  (**Id.**, Section 8.1)

39.     Defendant breached Section 8 of the Parties contract by posting numerous copyrighted works on third party websites without Plaintiff's consent.

        **WHEREFORE**, Plaintiff prays for judgment as follows:

1.      A judgment in favor of Plaintiff, Zone 8 Media Ltd and against the Defendant.

2.      For a temporary restraining order, preliminary injunction, and permanent injunction against Defendant and their aliases, his agents, servants, representatives, employees, attorneys, parents, subsidiaries, related companies, partners, successors, predecessors, assigns, and all persons acting for, with, by, through, or under Defendant during the pendency of this action as preliminary injunction and permanently thereafter from:

a. Restraining and enjoining Defendant from posting on any website(s) material that infringes Zone 8's intellectual property, as well as from facilitating the posting on any website(s) by third parties infringing material and/or links which enable the easy access to Zone 8's intellectual property that is located on third party websites;

b. Restraining and enjoining Defendant from otherwise distributing, reproducing, using, copying, streaming, making available for download, or otherwise exploiting Zone 8's intellectual property, including Plaintiff's copyrighted works, trademarks, trade dress, or any other product or symbol with the indicia of Plaintiff's ownership, through use of their website(s) or otherwise;

c. Restraining and enjoining Defendant from doing any other act, through any website(s) or otherwise, which shall confuse, deceive, cause mistake, etc. among the relevant trade and general public as to the association, sponsorship and/or approval between Plaintiff and any website(s);

d. Restraining and enjoining Defendant from otherwise using, copying or otherwise exploiting Plaintiff's copyrights and copyrighted works;

e. Restraining and enjoining Defendant from otherwise using, disclosing, converting, appropriating, retaining, selling, transferring or copying any property of Plaintiff's;

3.      Requiring Defendant to submit to the Court and to serve upon Plaintiff a report, written under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of this injunction;

4.      Disgorging Defendant of any profits they may have made as a result of his infringement of Zone 8's intellectual property;

5.      Awarding Plaintiff the actual damages sustained by Plaintiff as a result of Defendant's infringement of Zone 8's intellectual property, the amount of which is to be determined at trial;

6.      Awarding Plaintiff compensatory and punitive damages, as deemed just and proper by this Court, as a result of the willful misconduct on the part of the Defendant;

7.      Awarding Plaintiff the costs of this action, together with reasonable attorney's fees;

8.      In the alternative, awarding Plaintiff statutory damages pursuant to the Copyright Act;

9.      In the alternative, awarding Plaintiff enhanced statutory damages, pursuant to 15 U.S.C. § 504(c)(2) of the Copyright Act, for Defendant's willful infringement of Plaintiff's copyrighted works;

10.     within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendant be required to turn over any files containing Zone 8's intellectual property;

11.     Requiring Defendant to deliver up for destruction all of Zone 8's intellectual property.

12.     Awarding trebled damages for Defendant's infringement of Plaintiff's copyrights.

13.     Awarding punitive damages.

14.     Awarding liquidated damages of $35,000.

15.     Awarding any such other and further relief as this Court deems just, reasonable and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues in this action.

Dated: September 21, 2018                    Respectfully submitted,

                                             **EPSTEIN DRANGEL LLP**

                              BY:     ____/s/ Brian D. O'Reilly_____
                                      Brian D. O'Reilly (BO 1529)
                                      boreilly@ipcounselors.com
                                      Spencer Wolgang
                                      swolgang@ipcounselors.com
                                      60 East 42nd Street, Suite 2520
                                      New York, NY 10165
                                      Telephone: (212) 292-5390
                                      Facsimile: (212) 292-5391
                                      *Attorneys for Plaintiff*
                                      *Zone 8 Media Ltd*